**FILED & ENTERED**

**JUN 22 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:15-bk-25283-RK |
| ARTURO GONZALEZ | Chapter 7 |
| Debtor. | Adv. No. 2:16-ap-1037-RK |
| WESLEY H. AVERY, Chapter 7 Trustee, | **ORDER DENYING DEBTOR'S MOTION TO COMPEL DISCOVERY** |
| Plaintiff, | Date:  July 3, 2018 |
| vs. | Time:  2:30 p.m. |
| ARTURO GONZALEZ, | Courtroom:  1675 |
| Defendant. | |

Pending before the court is the motion of Debtor Arturo Gonzalez to compel discovery, namely, a documents subpoena to Gregory Wells, who is not a party in this case, and Mountain West Financial, which is not a party in this case.  Debtor noticed his motion for hearing before the court on July 3, 2018 at 2:30 p.m.  The Chapter 7 Trustee, Wesley H. Avery, filed an opposition to the motion on June 19, 2018.

Having considered the moving and opposing papers, the court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the motion is not necessary, dispenses with oral argument on the motion, vacates the hearing on July 3, 2018, takes the motion under submission and rules on the motion and denies it without

prejudice for Debtor to comply with the procedures of Local Bankruptcy Rule 9020-1. The court determines that the motion should be denied because Debtor uses the wrong procedure to compel compliance with the subpoenas. Debtor's motion to compel discovery under Federal Rule of Bankruptcy Procedure 7037 and Local Bankruptcy Rule 7026-1 is not the proper procedure to enforce subpoenas, which are contempt proceedings. The proper procedure is a motion for an order to show cause re: contempt under Local Bankruptcy Rule 9020-1 as Local Bankruptcy Rule 7026-1(c)(5) states: "LBR [Local Bankruptcy Rule] 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP [Federal Rules of Bankruptcy Procedure] 7030 and 7034." Just because Debtor is a self-represented party appearing without counsel, he is not excused from following the rules of this court. Local Bankruptcy Rule 1001-1(d).

If Debtor intends to file a motion for order to show cause re: contempt, he must first read and fully comply with Local Bankruptcy Rule 9020-1. This means that he may file a motion under Rule 9020-1, but must not notice it for hearing because the court will read the papers and then determine whether a hearing should be set as stated in Local Bankruptcy Rule 9020-1(d)(2). If Debtor files a motion under Local Bankruptcy Rule 9020-1 and does not fully comply with the requirements of the rule, the court may deny the motion on the papers, and the court may impose sanctions, including monetary sanctions.

Because the hearing on the motion on July 3, 2018 is vacated, the motion is taken off the hearing calendar on July 3, 2018, no appearances on the motion are required on July 3, 2018, and the court will not call the motion for hearing on July 3, 2018 and will not hear any argument from the parties relating to the motion on July 3, 2018. Because the motion relates to the trustee's objection to Debtor's homestead exemption pending in the

///

///

1  main bankruptcy case, the court orders that this order be filed and entered in the main
2  bankruptcy case, No. 2:15-bk-25283 RK Chapter 7, as well as in the adversary
3  proceeding, No. 2:16-ap-01037 RK, where the motion was filed.

IT IS SO ORDERED.

### 

Date: June 22, 2018

_____
Robert Kwan
United States Bankruptcy Judge

3