FILED & ENTERED

MAY 24 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　　Debtor.<br><br>WESLEY H. AVERY, Chapter 7 Trustee,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01037-RK<br><br>**AMENDED ORDER DENYING DEBTOR'S MOTION TO STAY REVOCATION OF DISCHARGE**<br><br>Date:　　May 28, 2019<br>Time:　　2:30 p.m.<br>Place:　Courtroom 1675<br>　　　　Roybal Federal Building<br>　　　　255 East Temple Street<br>　　　　Los Angeles, California  90012 |

　　　Pending before this court is the Motion of Debtor Arturo Gonzalez to Stay Revocation of Discharge ("Motion") (Docket No. 134) filed on April 30, 2019.  Chapter 7 Trustee Wesley Avery filed a Response and Opposition to Motion to Stay Revocation of Discharge [Adv. Docket 134] ("Opposition") (Docket No. 136) on May 2, 2019.   Debtor is a self-represented party, and the Chapter 7 Trustee is represented by Brett B. Curlee, of the Law Offices of Brett Curlee.

　　　Having considered the Motion, and the Opposition, the court determines that

-1-

pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the Motion is not necessary, dispenses with it, vacates the hearing on the Motion, takes the Motion under submission and rules as follows.

Pursuant to the court's Order On: (1) Debtor's Motion to Determine When the Tolling of Debtor's Rights Begins in Regards to Filing An Appeal or Right to File Post Order Motions; (2) Motion for Extension of Time to File an Appeal if One is Necessary (Docket No. 131), entered on April 19, 2019, the court granted Debtor an extension to file a notice of appeal of the judgment in this adversary proceeding on the sixth and seventh causes of action of the Chapter 7 trustee to revoke Debtor's discharge pursuant to 11 U.S.C. § 727(d)(1) and (2) (Docket No. 129, filed and entered on April 16, 2019).

In the Motion, Debtor specifically requests relief pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) which provides for a "stay of a judgment, order, or decree of the bankruptcy court pending appeal." Under Federal Rule of Bankruptcy Procedure 8007(a)(2), a motion for stay can be filed either before or after the notice of appeal is filed.

Debtor in the Motion fails to make any showing required for a stay pending appeal which requires the party seeking stay pending appeal to show that the court should exercise its judicial discretion to grant a stay pending appeal based on the applicable legal standard following four factors set forth in the case law: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011), *citing and quoting, Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1761 (2009). The Motion should be denied because Debtor in his Motion discusses none of these factors and he does not make any showing under these factors that the court should exercise its judicial discretion to grant a stay pending appeal. Debtor has not made a strong showing that he is likely to succeed on the merits on an appeal of the judgment in the

adversary proceeding.  He is not likely to succeed on the merits of an appeal in the adversary proceeding based on his allegations in the motion that his discharge should not have been denied because the commissions that he failed to disclose in his bankruptcy schedules as found by the court are not property of the estate.  First, this argument is a new argument not raised before the court rendered its decision and findings of fact and conclusions of law, and second, based on his admissions during his testimony at trial, Debtor admitted that he earned the real estate commissions before the bankruptcy case was filed and thus, they are property of the bankruptcy estate under 11 U.S.C. §541. [1]  Debtor has not shown that he would be irreparably injured absent a stay.  He has not shown that the issuance of a stay pending appeal would not substantially injure other parties.  He has not shown that a stay pending appeal lies in the public interest.  Thus, it is inappropriate to grant the Motion and issue a stay pending appeal because Debtor has not shown that he is entitled to a stay pending appeal under the applicable legal standard.

///

///

///

---

[1] In the original order denying stay pending appeal, the court stated that Defendant had not filed a timely notice of appeal or a timely motion for new trial in the adversary proceeding.  This was incorrect because although Defendant has not filed a timely notice of appeal, he did file a timely motion for new trial in his motion under Federal Rule of Bankruptcy Procedure 9023 to alter or amend judgment or request new trial regarding revocation of discharge (Docket Number 137) filed on May 14, 2019, which was after he filed this motion for stay pending appeal on April 30, 2019.  Nevertheless, Defendant's motion for stay pending appeal should still be denied because he never discusses the appropriate standard for stay pending appeal, nor do his arguments about the sales commissions are not property of the estate, so he has not shown that his argument that their omission from the schedules is not material, has colorable merit either factually or legally.  To clarify these points, this amended order is being filed and entered.

For the foregoing reasons, the court denies Debtor's Motion for stay pending appeal. The hearing on the Motion noticed for May 28, 2019 at 2:30 p.m. is vacated, and no appearances are required on May 28, 2019 at 2:30 p.m.

IT IS SO ORDERED.

###

Date: May 24, 2019

_____
Robert Kwan
United States Bankruptcy Judge