FILED & ENTERED

AUG 23 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:15-bk-25283-RK |
| ARTURO GONZALEZ, | Chapter 7 |
| Debtor. | Adv. No. 2:16-ap-01037-RK |
| WESLEY H. AVERY, Chapter 7 Trustee, | **MEMORANDUM DECISION ON MOTIONS OF DEFENDANT TO ALTER OR AMEND JUDGMENT, OR FOR NEW TRIAL IN ADVERSARY PROCEEDING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7052** |
| Plaintiff, | |
| v. | |
| ARTURO GONZALEZ, | |
| Defendant. | |
| | Date:    August 20, 2019
Time:    10:30 a.m.
Place:   Courtroom 1675
           Roybal Federal Building
           255 E. Temple Street
           Los Angeles, CA 90012 |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on August 20, 2019 on the motions of Defendant Arturo Gonzalez ("Defendant") to alter or amend judgment, or for new trial, in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings

-1-

of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, filed on July 8, 2019 (Docket Number 159).  Defendant Arturo Gonzalez appeared for himself.  Brett Curlee, of the Law Offices of Brett B. Curlee, appeared for Plaintiff Wesley H. Avery, Chapter 7 Trustee ("Trustee").  Trustee Wesley H. Avery also appeared for himself.

On March 27, 2019, the court filed and entered its findings of fact and conclusions of law after trial on (1) the sixth claim for relief in the complaint to revoke discharge for fraud under 11 U.S.C. § 727(d)(1); and (2) the seventh claim for relief in the complaint to revoke the debtor's discharge for fraudulent acquisition of estate assets under 11 U.S.C. § 727(d)(2) (Docket Number 123).  On April 16, 2019, the court filed and entered its judgment thereon (Docket Number 129).  In its findings of fact and conclusions of law and judgment thereon, the court granted the Chapter 7 Trustee's claims for relief to revoke Defendant's discharge for failing to disclose all of his sales commission income on his bankruptcy petition and schedules as amended and for failing to report and deliver this estate property to the Trustee (Docket Numbers 123 and 129).  By order filed and entered on April 19, 2019 (Docket Number 131), the court granted Defendant's request to clarify the deadline when a notice of appeal of the judgment must be filed and extended the deadline to May 14, 2019.

On May 14, 2019, Defendant filed his initial motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (Docket Number 137).  Defendant's argument in support of these motions was that his real property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. § 704(a)(5).  *Id.*  On May 22, 2019, the Chapter 7 Trustee filed a written opposition to these motions (Docket Number 139).  By order filed and entered on June 19, 2019 (Docket Number 152), the court denied Defendant's initial motions to alter or amend judgment, or for new trial, and to amend findings of fact and conclusions of law because the motions failed to comply with

the requirement of Local Bankruptcy Rule 9013-1(c) relating to notice of motion, and the order stated that the motions were being denied without prejudice and that Defendant could renotice the motions in compliance with Local Bankruptcy Rule 9013-1(c).

On July 8, 2019, Defendant filed his subsequent motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 (Docket Number 159), which are the matters now before the court. Defendant's argument in support of these motions was that his discharge should not have been revoked for failure to disclose or deliver to the Trustee the real estate sales commissions as estate property because the commissions belonged to a separate legal entity, Long Beach Realty, Inc., and need not have been turned over to the Trustee because the Trustee had not "pierced the corporate veil." *Id.* Defendant's argument in his subsequent motion is different from the one in his initial motions, which was that his property was sold without due process of law because the Chapter 7 Trustee failed to object to time-barred claims of certain creditors under 11 U.S.C. § 704(a)(5). *Id.* On July 30, 2019, the Chapter 7 Trustee filed a written opposition to these subsequent motions (Docket Number 163).

Defendant's motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 are subject to time limitations; that is, the motions must be timely filed within 14 days of entry of judgment as set forth in these rules. *See also In re Captain Blythers, Inc.,* 311 B.R. 530, 539 (9th Cir. BAP 2004), *affirmed,* 182 Fed. Appx. 708 (9th Cir. 2006). Since judgment was entered on April 16, 2019, the 14-day deadline to file was April 30, 2019, but the court had ordered the deadline for appeal extended to May 14, 2019, which extended the deadline to file these motions. Defendant thus timely filed his initial motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 when

he filed them on May 14, 2019.  The court denied these initial motions on procedural grounds by its order filed and entered on June 19, 2019.  However, in this order, the court stated that the motions were denied without prejudice and that Defendant "may renotice the Motions for a hearing if he complies with Local Bankruptcy Rule 9013-1(c), filing with the court and serving on the other parties a proper written notice of the date, time and place of hearing on the Motions" (Docket Number 152).  However, instead of refiling the initial motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, Defendant filed the subsequent and different motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  Because the subsequent motions are different than the initial motions, the court determines that the language permitting the initial motions to be renoticed for hearing does not apply to the subsequent motions because the subject matter of the subsequent motions does not relate back to the initial motions.  Thus, the subsequent motions are untimely and should be denied as untimely, having not been brought by the deadline of May 14, 2019.

Assuming for the sake of argument that Defendant's subsequent motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 were timely, the court addresses these pending motions on the merits.

Federal Rule of Bankruptcy Procedure 9023 makes applicable Federal Rule of Civil Procedure 59 in cases under the Bankruptcy Code, 11 U.S.C.  The grounds for motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) are shown if movant demonstrates one of the following: (1) there is newly discovered evidence that could not have been discovered previously; (2) the court committed clear error or its initial decision is manifestly unjust; or (3) there is an intervening change in the controlling law.  3 Jones,

Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20-300 at 20-59 (2018) (citing, *inter alia, Allstate Insurance Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011)) (citation omitted). "A motion to alter or amend judgment 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 20-271 at 20-55, *citing, Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 (2008), *citing and quoting*, 11 Wright and Miller, *Federal Practice and Procedure,* §2810.1 at 127-128 (2nd ed. 1995). As the Ninth Circuit has stated*,* "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Insurance Co. v. Herron,* 634 F.3d at 1111.

      Defendant has not demonstrated that there are grounds under Federal Rule of Civil Procedure 59 to amend or alter judgment. Defendant's argument is that the court's findings of fact and conclusions of law and judgment are incorrect because the income from the real estate sales commissions belonged to Long Beach Realty, Inc., his wholly owned California S corporation, as a separate legal entity, rather than him personally, and thus, it was error to grant relief to the Trustee to revoke Defendant's discharge for failure to report and deliver this income to the Trustee. This argument does not establish relief to amend or alter judgment because Defendant does not argue that there is newly discovered evidence or that there is an intervening change in the law and because he has not shown that the court committed clear error or that its initial decision was unjust because there is sufficient legal authority and evidence to support the decision. This argument may not be raised now because it is simply an argument that could have been raised before the court entered judgment in this adversary proceeding, but it was not raised before judgment.

      As the Trustee points out in his opposition to these motions, Defendant had scheduled the commissions on his original bankruptcy petition and schedules (he listed Long Beach Realty, Inc., as an asset, including its accounts receivable (i.e., the commissions) and claimed a personal exemption in the commissions), he admitted that he

was Long Beach Realty, Inc.'s alter ego, and he claimed the commissions as his personal income in support of his motion to convert the case to Chapter 13, saying at trial that he withheld the commissions from the Trustee to repay creditors. *Opposition*, Docket Number 163, at 3-4, *citing, Trial Transcript*, January 12, 2018 at page:line(s) 28:10-30:2, 31:9-33:16; *see also, e.g., Petition,* Main Bankruptcy Case, Docket Number 1. As litigated in this adversary proceeding, Defendant had listed some, but not all, of the commissions as assets on his amended bankruptcy schedules and claimed personal exemptions in the commissions which exemptions were litigated on the Trustee's motion for turnover, and Defendant and the Trustee stipulated to allow Debtor to retain some of the commissions as his personally exempt assets. *See generally, Findings of Fact and Conclusions of Law,* Docket Number 123. The evidence at trial showed that Defendant paid himself the commissions when they were received from escrow because he was the real estate broker and salesperson who earned the commissions from his personal activities in the real estate sales transactions which generated the commissions (which facts Defendant also acknowledged during at the hearing on the motions on August 20, 2019), and this fact alone indicates that the commissions were property of the bankruptcy estate that Defendant was obligated to disclose on his bankruptcy documents and turn over to the Trustee because the sales transactions were in escrow as of the date that Defendant filed his bankruptcy petition, and he had the right to the commissions as the participating real estate broker and sales agent. *Id.* Whether the sales commissions were payable to Long Beach Realty, Inc. does not matter because Defendant had the right to payment of the commissions as the participating real estate broker and sales agent responsible for generating the commissions, whether directly payable from escrow or indirectly through Long Beach Realty, Inc., Defendant's wholly owned and controlled California S corporation[1]. The sales commissions were accounts receivable of Long Beach Realty,

---

[1] A California S Corporation (with the "S" referring to Subchapter S of the Internal Revenue Code, 26 U.S.C.) is a corporation incorporated under California law which is treated like a partnership for federal and state income tax purposes whereby each item of income and expense is "passed through" directly to the shareholder(s) and is not taxed at the corporate level. Fotenos and Rybka, *Rutter Group California Practice*
*(continued)*

Case 2:16-ap-01037-RK    Doc 169    Filed 08/23/19    Entered 08/23/19 13:15:16    Desc
Main Document    Page 7 of 10

Inc., but they were also accounts receivable of Defendant because he was the real estate broker and sales agent who generated the sales commissions from his involvement in the sales transactions pending at the time he filed his bankruptcy petition. [2] Therefore, Defendant cannot show clear error or manifest injustice because the evidence in this case showed that he had income due to him as of the petition date, which is property of the bankruptcy estate, that he failed to disclose on his bankruptcy schedules and failed to deliver to the Trustee.

---

*Guide: Corporations,* ¶¶119 and 120 (online ed., February 2019 update), *citing inter alia,* California Revenue & Taxation Code, §§23801(a); Subchapter S of the Internal Revenue Code, 26 U.S.C. §§1361-1379; *Valentino v. Franchise Tax Board,* 87 Cal.App.4th 1284, 1288-1289 (2001); *Handlery Hotels, Inc. v. Franchise Tax Board,* 39 Cal.App.4th 1360, 1363 (1995). As one California corporate law treatise has observed, "[t]his gives the owners of closely-held corporations the advantages of the corporate form (e.g., centralized management, limited personal liability), while avoiding the double-taxation of corporate profits." *Id.* While California imposes a 1.5% franchise tax on the S corporation's net taxable income, the profits and losses of a California S corporation are "passed through" to the shareholders for state and federal income tax purposes. *Id.* The income and expenses of Long Beach Realty, Inc., Defendant's wholly owned California S corporation "passed through" and are attributable to him and reportable on his state and federal income tax returns. Thus, the income from the real estate sales commissions paid to Long Beach Realty, Inc., "passed through" to Defendant as its sole shareholder, and while it may have a business deduction for paying compensation to its broker and salesperson whose services generated the commissions, who was Defendant anyway, the net income from the commissions paid to the S corporation are attributable to Defendant, and the compensation from the S corporation to its broker and salesperson, Defendant, are reportable by Defendant on his state and federal income tax returns. Defendant had prepetition accounts receivable from the commissions generated by his prepetition services as a broker and salesperson either way attributable to him as the sole shareholder of his S corporation, Long Beach Realty, Inc., and/or its broker and salesperson.

[2] At the hearing on August 20, 2019, Defendant blamed his former bankruptcy attorney, Anerio Altman, for listing his sales commissions earned prepetition but received postpetition as his assets on his bankruptcy schedules filed in this case, when Defendant now says that they were not his assets required to be listed on his schedules because they belonged to Long Beach Realty, Inc., a separate legal entity. Audio Recording of Hearing, August 20, 2019, at 11:05-11:07 a.m. This is ironic because as late as May 2019, only two months ago, Defendant has taken the contrary position in other litigation in this case that the sales commissions earned prepetition and received postpetition were his in making factual allegations in his second amended complaint filed on May 9, 2019 in Adversary Proceeding No. 2:18-ap-01371-RK (Docket No. 45, ¶¶27-28) that "Plaintiff [Debtor Arturo Gonzalez] had earned $44,303 in sales commissions prepetition and received postpetition" and "Plaintiff had received all commissions by December 15th, 2015." *See also,* First Amended Complaint, Adv. No. 2:18-ap-01371-RK, filed on January 28, 2019 (Docket No. 17, ¶¶27-28) (identical factual allegations that the sales commissions earned prepetition and received postpetition were his). In these pleadings, which he filed on his own without the assistance of counsel, Defendant did not allege that these sales commissions were not his because they were Long Beach Realty's. *Id.* In Defendant's signing and filing these pleadings containing factual allegations that he earned $44,303 in sales commissions prepetition and received post petition, Defendant as plaintiff in Adversary Proceeding No. 2:18-ap-01371-RK had certified under Federal Rule of Bankruptcy Procedure 9011 to the best of his "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that his allegations had evidentiary support. Federal Rule of Bankruptcy Procedure 9011(b)(3). Defendant cannot blame his former attorney for the alleged mischaracterization of the sales commissions because the truth is that he earned them and was required to list them on his bankruptcy schedules. Litigation should not be a game of Whac-A-Mole where Defendant gets to pop up another argument or theory when his earlier arguments or theories fail.

The grounds for motions for new trial under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59 are not specifically enumerated, but some of the more common grounds recognized in the federal courts for such motions include the following: (1) the verdict is against the clear weight of the evidence; (2) there is newly discovered evidence that could not have been discovered previously; (3) there is prejudicial misconduct by the court; and (4) there is prejudicial misconduct by opposing counsel.  3 March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy,* ¶20:100 at 20-19, *citing inter alia,* Federal Rule of Civil Procedure 59; 3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶¶ 20-100 - 20-247 at 20-19 - 20-50).  As for Defendant's motion to amend or alter judgment, similarly, Defendant's motion for new trial should be similarly denied because there is no error of law, there is no newly discovered evidence or there are no other grounds to warrant a new trial.

Federal Rule of Bankruptcy Procedure 7052 makes applicable Federal Rule of Civil Procedure 52 in adversary proceedings.  Motions to amend findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(b) are granted only if movant demonstrates one of the following: (1) the court made a mistake of law or fact; (2) there is newly discovered evidence that could not have been discovered previously; or (3) the result is unjust.  3 Jones, Rosen, Wegner and Jones, *Rutter Group Practice Guide: Federal Civil Trials and Evidence,* ¶ 17-152 at 17-33, *citing Deutsch v. Burlington Northern Railroad Co.,* 983 F.2d 741, 744 (7th Cir. 1992) (citation omitted).  However, motions to amend findings of fact and conclusions of law cannot be used to raise arguments that could have been raised prior to entry of judgment.  *Id.*, ¶ 17-153 at 17-33, *citing inter alia, Diocese of Winona v. Interstate Fire & Casualty Co.,* 89 F.3d 1386, 1397 (8th Cir. 1996) (citation omitted).  As previously discussed, Defendant's new argument is one that could have been raised before judgment, but it was not.  As for Defendant's motions to amend or alter judgment, or for new trial, Defendant's motion to amend findings of fact and conclusions of law should also be denied because there is no error of law, there is no newly discovered

evidence and the result is not unjust, and in addition, the motion should be denied because there is no showing that Defendant raised his argument before judgment was entered.

If Defendant believes that the judgment of the court should be reversed because either the findings of fact are clearly erroneous and/or the conclusions of law are erroneous, his remedy is to take an appeal of the judgment because the judgment will become final if he does not take a timely appeal pursuant to Federal Rules of Bankruptcy Procedure 8001 *et seq.*  Defendant's remedy is not filing repetitive motions to amend or alter judgment, for new trial or to amend findings of fact and conclusions of law, which will be going over the same ground and will likely result in the court imposing sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 since it is not likely that such repetitive motions will be filed in good faith because the court's judgment and this order denying these motions will be the "law of the case."  *See Dye v. Communications Ventures III, LP (In re Flashcom, Inc.),* 503 B.R. 99, 127 (C.D. Cal. 2013), *citing and quoting, In re United States v. Jingles,* 702 F.3d 494, 499 (9th Cir. 2012) ("Under the 'law of the case' doctrine, a court [will not] reexamine[e] an issue previously decided by the same or higher court in the same case."); *United States v. Smith,* 389 F.3d 944, 948 (9th Cir. 2004) (The law of the case doctrine "is founded upon the sound public policy that litigation must come to an end" and "serves to advance the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided.").

For the foregoing reasons, the court denies Defendant's motions to alter or amend judgment, or for new trial, pursuant to Federal Rule of Bankruptcy Procedure 9023 and to amend findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy

///

///

Procedure 7052 on procedural grounds as untimely and on substantive grounds on the merits.  A separate final order is being filed and entered concurrently herewith.

IT IS SO ORDERED.

###

Date: August 23, 2019

Robert Kwan
United States Bankruptcy Judge