

**FILED & ENTERED**

SEP 12 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　　Debtor. | No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01037-RK<br><br>**ORDER (1) DENYING FOR LACK OF JURISDICTION DEBTOR'S MOTIONS TO VACATE JUDGMENT FOR IRREGULARITIES, VACATE JUDGMENT FOR INTENTIONAL MISREPRESENTATIONS BY TRUSTEE, VACATE JUDGMENT FOR INTENTIONAL MISREPRESENTATION BY DEBTOR'S FORMER ATTORNEY, FRAUD ON THE COURT AND SET ASIDE JUDGMENT UNTIL PENDING INVESTIGATION OF IRREGULARITIES; AND (2) VACATING OCTOBER 1, 2019 HEARING** |
| WESLEY H. AVERY, Chapter 7 Trustee,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>ARTURO GONZALEZ,<br><br>　　　　　　　　　　　Defendant. | Vacated Hearing<br>Date:　　　October 1, 2019<br>Time:　　　2:30 p.m.<br>Courtroom:　1675 |

On September 6, 2019, Debtor Arturo Gonzalez filed a Notice of Motion for: 1) Motion to Vacate Judgment for Irregularities, 2) to Vacate Judgment for Intentional Misrepresentations by Trustee, 3) Vacate Judgment for Intentional Misrepresentation by Debtor's Former Attorney, 4) Fraud on the Court, 5) Set Aside Until Pending Investigation of Irregularities ("Motions") (Docket No. 177), which was set for hearing October 1, 2019 at 2:30 p.m.  Having considered the Motions and the record before the court, the court denies the Motions based on the following reasons.

On March 27, 2019, the court entered its Findings of Fact and Conclusions of Law after Trial on (1) Sixth Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraud Under 11 U.S.C. § 727(d)(1); and (2) the Seventh Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraudulent Acquisition of Estate Assets under 11 U.S.C. § 727(d)(2) ("Findings of Fact") (Docket No. 123).  On April 16, 2019, the court entered Judgment for Plaintiff and Chapter 7 Trustee, Wesley H. Avery, against Defendant and Debtor, Arturo Gonzalez, an Individual, dba Long Beach Realty, Inc., dba South Bay Realty; dba Mindset, aka Art Gonzalez, aka Art Gonzalez, Jr., after trial on (1) the Sixth Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraud Under 11 U.S.C. § 727(d)(1); and (2) the Seventh Claim for Relief in the Complaint to Revoke the Debtor's Discharge for Fraudulent Acquisition of Estate Assets under 11 U.S.C. § 727(d)(2) (Adversary Docket No. 123) ("Judgment") (Docket No. 129).

In the Motions, the Debtor requests the court reconsider and vacate the judgment in this adversary proceeding in the court's Findings of Fact entered on March 27, 2019 and Judgment entered on April 16, 2019.   Debtor filed a Notice of Appeal and Statement of Election to U.S. District Court ("Notice of Appeal") (Docket No. 173) on September 6, 2019, appealing the court's judgment in this adversary proceeding, that is, the Findings of Fact and Judgment.

Filing of a notice of appeal generally confers jurisdiction on the appellate court and divests the trial court of jurisdiction over the matters appealed.  *Griggs v. Provident*

*Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Sumida v. Yumen,* 409 F.2d 654, 657-658 (9th Cir. 1969)(citations omitted). Here, Debtor's filing of the notice of appeal on September 6, 2019 conferred jurisdiction on the appellate court, the United States District Court, over the matters appealed, and divested this court of jurisdiction over those matters, i.e., the court's Findings of Fact and Judgment. Having been divested of jurisdiction over the matters appealed, the Findings of Fact and Judgment, due to the Debtor's filing of the notice of appeal, the court lacks jurisdiction to consider the Motions to vacate judgment over the matters appealed, and therefore, the court lacks jurisdiction to hear the Motions and thus denies the Motions for lack of jurisdiction.

Debtor in the Motions requests in the alternative that all proceedings in this adversary proceeding be stayed. The court denies this request for lack of good cause and because it is improper to request a stay of proceedings outside this adversary proceeding because other parties are involved.

Because Debtor's filing of a notice of appeal deprives this court of jurisdiction over the appealed matters of the judgment in this adversary proceeding and Debtor's alternative request that all proceedings in this adversary proceeding and in the bankruptcy case in general be stayed should be denied for lack of good cause and for seeking a stay of proceedings beyond the scope of the adversary proceeding, the court determines that further briefing and oral argument on the Motions are unnecessary, dispenses with them, vacates the hearings on the Motions noticed for October 1, 2019

///

///

///

at 2:30 p.m., takes the Motions under submission and files and enters this order disposing of the Motions. No appearances are required on the Motions on October 1, 2019 as the court will not call the Motions for hearing on that date.

IT IS SO ORDERED.

###

Date: September 12, 2019

Robert Kwan
United States Bankruptcy Judge