**FILED & ENTERED**

**MAY 26 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** vandenst **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ARTURO GONZALEZ,<br><br>                        Debtor.<br><br>WESLEY H. AVERY, Chapter 7 Trustee,<br><br>                        Plaintiff,<br>  vs.<br>ARTURO GONZALEZ,<br><br>                        Defendant. | Case No. 2:15-bk-25283-RK<br><br>Chapter 7<br><br>Adv. No. 2:16-ap-01037-RK<br><br>**MEMORANDUM DECISION ON DEFENDANT'S MOTION TO VACATE "ORDER 18"**<br><br>**Vacated Hearing**<br>Date:    May 30, 2023<br>Time:    2:30 p.m. |

      Pending before the court in this adversary proceeding is the "Motion to Vacate Order 18 for Trustee Lack of Estate Control and Lack of Due Process" filed by Defendant Arturo Gonzalez, Docket No. 222,[1] filed on April 15, 2023. Defendant noticed this motion for hearing before the court on May 30, 2023 at 2:30 p.m. This motion is an amended motion of the one that Defendant filed on March 28, 2023,

---

[1] In this memorandum decision, "Docket No. ___" refers to the case docket in this adversary proceeding, and "Bankruptcy Case Docket No. ___" refers to the case docket in the main bankruptcy case.

-1-

Docket No. 219, also called "Motion to Vacate Order 18 for Trustee Lack of Estate Control and Lack of Due Process", noticing that motion for hearing before the court on May 9, 2023 at 2:30 p.m.  Since that motion was superseded by the amended motion, Defendant renoticed the hearing to May 30, 2023 from May 9, 2023.

The adversary proceeding had been administratively closed on September 22, 2020 after the District Court dismissed Defendant's appeal in this adversary proceeding on June 26, 2020.  In light of Defendant's recent motions, on March 29, 2023, the court entered an order that the adversary proceeding be reopened to allow the motions to be filed.  Docket No. 220.

On April 21, 2023, Plaintiff Wesley H. Avery, Chapter 7 Trustee in the underlying bankruptcy case, filed a written opposition to Defendant's amended motion.  Docket No. 226.  Having considered Defendant's amended motion and Plaintiff's written opposition, the court by prior order entered on May 24, 2023 (Docket No. 229) determined that oral argument on the motion is not necessary and dispensed with it, vacated the hearing on the motion on May 30, 2023 and took the matter under submission pursuant to Local Bankruptcy Rule 9013-1(j)(3).  Having taken the matter under submission, the court issues this memorandum decision ruling on the motion.

In Defendant's amended motion now before the court, he requests that the court vacate the so-called "Order 18," apparently referring to Docket No. 18, an order for turnover of funds, which was after a hearing on the trustee's motion for preliminary injunction on February 17, 2016.  The actual order for turnover of funds that Defendant is complaining about is Docket No. 19, filed and entered on February 19, 2019.

Regarding Defendant's original motion, the court issued an order on March 29, 2023, Docket No. 220, reopening this adversary proceeding, but noting that Defendant in the motion does not cite any legal authority for the court to vacate one of its prior orders which is now final in light of the District Court's dismissal of Defendant's appeal of the final order in this adversary proceeding.  In its order, the court stated that in fairness to the other party, the trustee, and the court, the court ordered Defendant to file

a supplemental statement of authority, identifying his legal authority for the court to vacate a prior order which is now final, so the trustee and the court can address Defendant's motion, commenting that the court and the parties should not have to guess what Defendant's claim for relief is, even if he is a self-represented litigant and accorded some latitude, and that the court cannot generally set aside its final orders without some legal basis, such as Federal Rule of Civil Procedure 60(b), but Defendant does not identify such a legal authority and how it would apply here, which is a problem that needs to be addressed.  Defendant did not file the statement of legal authority as ordered by the court or address the concerns raised by the court in its order in his subsequently filed amended motion.

Regarding the motion itself, the court observes that the procedural history of this adversary proceeding indicates that it was extensively and fully considered.  The court entered judgment in the adversary proceeding on April 16, 2019 (Docket No. 129). Defendant sought reconsideration of the judgment by filing a motion to amend or alter judgment pursuant to Federal Rule of Bankruptcy Procedure (Docket No. 137) on May 14, 2019, which was denied by the court in its order filed and entered on August 23, 2019 (Docket No. 170).  Defendant filed a notice of appeal of the judgment and order denying reconsideration on September 6, 2019 (Docket No. 173), but the appeal was dismissed by the United States District Court by its order filed and entered on June 26, 2020 (Docket No. 192).  The record indicates that Defendant did not seek further appeal with the United States Court of Appeals for the Ninth Circuit.  Thus, the procedural history of this adversary proceeding indicates that it has been fully and finally litigated as Defendant has exhausted his appeal rights in this adversary proceeding.

Over three years since this court entered a final order denying Defendant's motion to amend or alter judgment on August 23, 2019, Defendant by the pending motion wants to relitigate the issues in this adversary proceeding.  As discussed in this memorandum decision, he may not.

Defendant in his moving papers cited no legal authority for the court and the

parties to relitigate this adversary proceeding as noted in the court's reopening order (Docket No. 220) and in the Chapter 7 Trustee's opposition (Docket No. 227), which argued that Defendant's motion should be denied for failure to comply with the court's reopening order requiring Defendant to cite legal authority in support of his motion. Apparently, Defendant believes that he can relitigate this adversary proceeding by raising completely new arguments.  Defendant's new arguments are that: (1) his filing of his motion to convert this Chapter 7 bankruptcy case to Chapter 13 deprived the Chapter 7 Trustee of authority to exercise control over the assets of the bankruptcy estate; and (2) Defendant was deprived of due process of law on grounds that the turnover of funds to the trustee was ordered on an ex parte basis.  Defendant did not file a declaration or properly authenticated exhibits in support of the factual contentions of his motion as required by Local Bankruptcy Rule 9013-1(c) and (i).  Motion, Docket No. 222.  Defendant only attached two unauthenticated exhibits, which were copies of a summary of amended schedules dated May 9, 2016 filed on his behalf, which he contends he never signed, but these exhibits are not really germane to his claims of procedural error asserted in the motion as these exhibits do not directly relate to the proceedings for the trustee's turnover motion and the order granting that motion, the subject of Defendant's current motion.

The court's judgment in this adversary proceeding is a final and nonappealable judgment as the District Court dismissed Defendant's appeal and there was no further appeal.  As just noted, Defendant did not cite any legal authority for considering this adversary proceeding further.  It is problematic that Defendant cited no authority for the court to hear the motion, and thus, the court agrees with the Chapter 7 Trustee that Defendant's failure to cite legal authority for the basis of his claims in his motion violates the court's reopening order directing Defendant to cite such authority and is a ground for denial of the motion.  It is not up to the court to guess what Defendant's claims for relief are or to fashion an argument for him.

Regarding Defendant's first claim of procedural error that the court erred in not

ruling that the Chapter 7 Trustee was deprived of control over the assets of the bankruptcy estate once Defendant filed his motion to convert the case to Chapter 13, that claim is that the court made a mistake of law, which might be covered by Federal Rule of Civil Procedure 60(b)(1), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, which rules provide that relief from judgment may be obtained for mistake. *See Kemp v. United States,* 142 S.Ct. 1856, 1860-1865 (2022)(legal error by a court may be the basis of a claim under Federal Rule of Civil Procedure 60(b)(1) for mistake). However, pursuant to Federal Rule of Civil Procedure 60(c)(1), a motion under Federal Rule of Civil Procedure 60(b)(1) must be made "within a reasonable time" and at most, within one year after entry of the order for which relief is sought. *Id.* at 1860. Because Defendant's motion filed on March 28, 2023, as amended on April 15, 2023 was filed more than a year after the court's final order denying his motion to amend or alter the judgment in this adversary proceeding on August 23, 2019, it is too late for him to seek relief from judgment based on an alleged mistake of law by the court under Federal Rule of Civil Procedure 60(b)(1) and Federal Rule of Bankruptcy Procedure 9024 as the deadline set by Federal Rule of Civil Procedure 60(c)(1) was August 23, 2023, almost three years ago. Accordingly, Defendant's first claim of procedural error may be denied for this reason alone.

    In any event, there was no mistake of law by the court in not ruling that Defendant's filing of a motion to convert this Chapter 7 bankruptcy case to Chapter 13 deprived the Chapter 7 Trustee of control over the bankruptcy estate. Defendant fails to cite any legal authority to support his argument. There is not any such authority. The filing of Defendant's motion to convert the case from Chapter 7 to Chapter 13 by itself did not terminate the Chapter 7 Trustee's control of the bankruptcy estate as the case remained in Chapter 7 unless and until the court granted the motion to convert. This is implicit in the procedures governing motions to convert in Federal Rule of Bankruptcy Procedure 1017. On January 15, 2016, Defendant filed in the main bankruptcy case his motion to convert the bankruptcy case from Chapter 7 to Chapter 13 pursuant to 11

U.S.C. § 706(a). Bankruptcy Case Docket No. 27. Federal Rule of Bankruptcy Procedure 1017-1(f)(2) states: "Conversion or dismissal under [11 U.S.C.] §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served by Rule 9013." Federal Rule of Bankruptcy Procedure 9013, in turn, states:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:
>
> (a) the trustee or debtor in possession and on those entities specified by these rules; or
>
> (b) the entities the court directs if these rules do not require service or specify the entities to be served.

The procedures for a Chapter 7 debtor, such as Defendant, seeking voluntary conversion of his case under 11 U.S.C. § 706(a) as set forth in these rules indicate that the Chapter 7 debtor had to file a motion for conversion of the case to another chapter of the Bankruptcy Code and serve it on the case trustee, all creditors and the United States Trustee, any of whom could file opposition, which would make the motion a contested matter. Federal Rules of Bankruptcy Procedure 1017, 2002(a)(4), 9013 and 9014. As generally provided by Federal Rule of Bankruptcy Procedure 9013, a request for an order shall be by written motion, that is, a motion is a written request for a court order.

In response to Defendant's motion for conversion, on January 29, 2016, the Chapter 7 Trustee filed an opposition to the motion (Bankruptcy Case Docket No. 36), which made the motion a contested matter within the meaning of Federal Rule of Bankruptcy Procedure 9014. On June 23, 2016 and July 15, 2016, the court conducted a trial of the contested matter of Defendant's motion for conversion (*see* Bankruptcy Case Docket No. 127). By memorandum decision and order filed and entered on July 19, 2016 (Bankruptcy Case Docket No. 127), the court denied Defendant's motion to

convert, and thus, the case was never ordered converted from Chapter 7 to Chapter 13. Thus, Defendant's bankruptcy case remained in Chapter 7, and never left it, and the Chapter 7 Trustee remained in authority in this case with continuing control of the bankruptcy estate pursuant to 11 U.S.C. § 704.

Defendant cites and quotes the following language from the Supreme Court opinion in *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 374-375, 127 S.Ct. 1105, 1111-1112 (2007), as supporting his claim that the Chapter 7 Trustee lost control over the assets of the bankruptcy estate when Defendant filed his motion for conversion:

> A statutory provision protecting a borrower from waiver is not a shield against forfeiture. Nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to *375 the relief available to the typical debtor.11 On the contrary, **1112 the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code,12 is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.13
>
> Indeed, as the Solicitor General has argued in his brief amicus curiae, even if § 105(a) had not been enacted, the *376 inherent power of every federal court to sanction "abusive litigation practices," see Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), might well provide an adequate justification for a prompt, rather than a delayed, ruling on an unmeritorious attempt to qualify as a debtor under Chapter 13.

Motion, Docket No. 222 at 2-3, citing and quoting, *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. at 374-375, 127 S.Ct. at 1111-1112.

Defendant in his motion further cited and quoted with emphasis in bold footnote 13 relating the above passage from the *Marrama* opinion, indicating his heavy reliance on this language for his argument:

> **Both the Chapter 7 trustee and the United States as amicus curiae argue in their briefs that in the interval between the allowance of a motion to convert under § 706(a) and the subsequent granting of a motion to dismiss under § 1307(c), the fact that the debtor would have possession of the property**

> **formerly under the control of the trustee would create an opportunity for the debtor to take actions that would impair the rights of creditors.** Whether or not that risk is significant, under our understanding of the Code, the debtor's prior misconduct may provide a sufficient justification for a denial of his motion to convert.

Motion, Docket No. 222 at 3, citing and quoting, *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. at 375 n. 13, 127 S.Ct. at 1112 n. 13 (emphasis in bold in Defendant's motion).

      This language from the *Marrama* opinion cited and quoted by Defendant does not support his argument that the filing of a motion to convert a case from Chapter 7 to Chapter 13 automatically deprives the Chapter 7 trustee of control over assets of the bankruptcy estate.  The language bolded by Defendant regarding "the fact that the debtor would have possession of the property formerly under the control of the trustee" refers only to "the interval between the allowance of a motion to convert under [11 U.S.C.] § 706(a) and the subsequent granting of a motion to dismiss under [11 U.S.C.] § 1307(c)", which is the time period between the time that a bankruptcy court "allows" conversion by granting a motion to convert a bankruptcy case from Chapter 7 to Chapter 13 and during the Chapter 13 phase of the case before a motion to dismiss the case in Chapter 13 is granted.  Here, in this bankruptcy case, this interval after a motion to convert to Chapter 7 is granted never occurred, so that the debtor would have possession of the property of the bankruptcy estate which was under the control of the Chapter 7 Trustee.  Specifically, in this case, there was no allowance of a motion to convert under 11 U.S.C. § 706(a) as the court never granted Defendant's motion to convert in which he sought the court's allowance of conversion.  Thus, the language cited and quoted by Defendant is inapplicable and does not support his claim that the court made a mistake of law that his filing of the motion to convert deprived the trustee of control over the assets of the bankruptcy estate.  Apparently, based on his misreading of the language of the *Marrama* decision, Defendant understood his motion to convert was "allowed" when he filed it, but this apparent understanding is mistaken as

shown by the procedural rules governing motions to convert a case from Chapter 7 to Chapter 13, which require a bankruptcy debtor to file and serve a motion to convert for the bankruptcy court to consider after notice and hearing, which may or may not be granted, or "allowed" as the Supreme Court in *Marrama* put it.  Nothing in the *Marrama* decision is inconsistent with the procedural rules in Federal Rules of Bankruptcy Procedure 1017 and 9013 that voluntary conversion of a bankruptcy case from Chapter 7 to Chapter 13 must be by a bankruptcy debtor's motion and an order granting such a motion by the bankruptcy court.

The court also notes that the holding of the *Marrama* case itself does not support Defendant's claim as the Supreme Court held that a Chapter 7 debtor does not have the absolute right to convert a Chapter 7 case to Chapter 13 pursuant to 11 U.S.C. §706, which does not support Defendant's position asserted in the motion.  *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. at 367-375.  Indeed, in *Marrama*, the Supreme Court upheld the rulings of the lower courts that the Chapter 7 debtor did not have the absolute right to convert to Chapter 13 for lack of good faith.  *Id.*

Accordingly, Defendant's first claim of procedural error should be rejected not just because it is untimely, but also, on the merits.

Regarding Defendant's second claim of procedural error that he was denied due process of law when he was ordered to turn over his real estate sales commissions to the trustee, contending that it was done on the trustee's ex parte application, Defendant did not cite any authority for the court to vacate its turnover order of February 19, 2016 (Docket No. 19), such as Federal Rule of Civil Procedure 60(b)(4) for voidness.  As the Supreme Court stated in *United Student Aid Funds Inc. v. Espinosa,* 559 U.S. 260 (2010), "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Id.* at 271 (citations omitted); *accord, Federal Trade Commission v. Hewitt,* ___F.4th ___, 2023 WL 3364496 (9th Cir. May 11, 2023), slip op. at *4.

This case is not the rare instance of a due process violation where Defendant was deprived of notice or the opportunity to be heard. Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of its proceedings in this case and notes that the court's turnover order (Docket No. 19), the subject of Defendant's current motion, was based upon the trustee's motion for preliminary injunction (Docket No. 2). *See Gugino v. Clark (In re Clark)*, 525 B.R. 442, 449 and n. 8 (Bankr. D. Idaho 2015), *aff'd,* BAP No. ID-15-1065-KFJu, 2016 WL 1377807 (9th Cir. BAP Mar. 29, 2016), *aff'd,* 893 Fed. Appx. 644 (9th Cir. 2017) (the court may take judicial notice of its files and records to explain the history of the case, to address certain procedural aspects and to place evidence in appropriate context with events in the case and adversary proceedings). On February 17, 2016, the court conducted an evidentiary hearing on the trustee's motion for turnover, and Defendant appeared and was heard at that hearing through his counsel, who offered evidence and gave oral argument on behalf of Defendant in opposition to the trustee's turnover motion at that hearing. The court also takes judicial notice of its proceedings recorded in the official audio recording of the hearing on February 17, 2016 pursuant to Federal Rule of Evidence 201. The court also notes that the record reflects that Defendant's counsel had filed written opposition and evidentiary objections to the trustee's turnover motion (Docket Nos. 14 and 15), but in which counsel said Defendant opposed turnover in general, but agreed to turn over nonexempt funds to the trustee. *Id.* Defendant does not explain his position how these circumstances denied him due process as the record of this adversary proceeding shows that the order granting the trustee's turnover motion was not issued on an ex parte basis, but after an opportunity to be heard and a hearing at which Defendant was heard on the trustee's turnover motion through counsel at the hearing and in written opposition before the turnover order was issued. Defendant's second claim of procedural error based on due process is not supported by the record in this adversary proceeding, which shows that he had the opportunity to be heard on turnover before the court ordered it.

It may be that Defendant is complaining about the court's issuance of a temporary restraining order (Docket No. 5) upon application of the trustee on an ex parte basis (Docket No. 3) that temporarily restrained Defendant from dissipating the funds of the bankruptcy estate, but that temporary restraining order did not include any order that Defendant turn over assets to the trustee at that time. That order just directed Defendant not to dissipate estate funds. *Id.* The temporary restraining order is not the order that is the subject of Defendant's motion, nor it can be because it did not order Defendant to turn over assets. Giving a benefit of a doubt to Defendant as a self-represented litigant, it appears that he just conflated the temporary restraining order issued on an ex parte basis with the preliminary injunction order for turnover after notice and hearing. Nevertheless, the record in this adversary proceeding reflects that Defendant's due process claim has no basis in fact as unsupported by evidence and must be rejected.

In his opposition to Defendant's motion, the trustee argues that the motion should be denied because: (1) Defendant has not complied with the court's reopening order requiring Defendant to state the legal basis for his claims of procedural error to vacate the turnover order; (2) the motion violates Local Bankruptcy Rule 9013-1(c) and (i) as it contains neither a coherent memorandum of authorities nor any evidence; (3) the motion is unintelligible and thus, in violation of Federal Rule of Civil Procedure 8(a) made applicable by Federal Rule of Bankruptcy Procedure 7008. Opposition, Docket No. 227 at 4. The trustee further argues that "at this point the Debtor [Defendant] is simply filing twaddle with the Court---the same result would be reached if Debtor just took a picture of his lunch and filed that instead of a cut and paste of legal jargon that are the musings of a vexatious litigant" and "[t]he time has come for this Court to consider a prefiling order against the Debtor else this Kabuki Play will go on wasting judicial resources indefinitely." *Id.*

The court agrees with the trustee's first and second arguments that the motion should be denied because Defendant did not comply with the court's reopening order

that Defendant specify the legal basis for his claims to vacate the turnover order and the motion is not supported by evidence and points and authorities indicating the legal basis for Defendant's claims.  The court does not agree with the trustee's third argument that the motion violates Federal Rule of Civil Procedure 8(a) as unintelligible because that rule only applies to pleadings as specifically defined by Federal Rule of Civil Procedure 7(a) limited to complaints, counterclaims, third party claims, cross claims and answers thereto, and a reply to answer if court-ordered, and the rule does not apply to motions under Federal Rule of Civil Procedure 7(b), which constitute a separate category from pleadings.

As to the trustee's suggestion that the court issue a prefiling order against Defendant, if the trustee believes that a prefiling injunction order should be issued, pursuant to Federal Rule of Bankruptcy Procedure 9013, he could file a motion to declare Defendant a vexatious litigant to warrant the issuance of a prefiling order, but the court notes that the trustee will have to support such a motion with an adequate evidentiary record for the court to make the appropriate findings under the rigorous legal standard set forth in *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057, 1061-1067 (9th Cir. 2014).

For the foregoing reasons, the court determines that Defendant's motion lacks merit and must be denied.  A separate final order is being filed and entered concurrently herewith.

IT IS SO ORDERED.

###

Date: May 26, 2023

_____
Robert Kwan
United States Bankruptcy Judge